UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| GERARDO GARCIA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Cause No. EP-19-CV-00382-PRM |
| | § | |
| CORNERSTONE INDUSTRIES CORP. | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES GERARDO GARCIA (hereinafter called "Plaintiff"), complaining of CORNERSTONE INDUSTRIES CORP. (hereinafter called "Defendant CORNERSTONE") for a cause of action would respectfully show the Court as follows:

### I.
### DISCOVERY LEVEL

1. This suit is brought under discovery Level II (two).

### II.
### PARTIES

2. Plaintiff is a resident of El Paso County, Texas

3. Defendants CORNERSTONE INDUSTRIES CORP. is a Kentucky corporation doing business in El Paso, Texas has been served with process through their President and or Vice President, or any authorized officer or agent therein at 8781 Motorsports Way, Brownsburg, IN 46112, has appeared in the state court suit and no further service of process is necessary.

1

## III.
## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter and the parties to this case and all conditions precedent to the filing of this suit have been met and venue properly lies in El Paso County, Texas.

## IV.
## AGENCY

5. Whenever in this petition it is alleged that the Defendant did any act or thing, it is meant that the Defendant's officers, agents, servants, employees or representatives did such act or thing and that at the time such act or thing was done, it was done with the full authorization or ratification of or by the Defendant and was done in the normal and routine course and scope of employment of Defendant's officers, agents, servants, employees or representatives.

## V.
## THEORY OF RECOVERY

6. This case is founded upon and based upon the following legal theories of recovery: violation of Plaintiffs' rights under Sabine Pilot Service, Inc. v. Hauck, 687 S.W.2d 733 (Tex. 1985), as hereinafter more particularly alleged.

## VI.
## FACTS

7. Defendant terminated/constructively discharged Plaintiff on or about April 26, 2019. On or about April 10, 2019 after a particular job in Bakersfield, California Plaintiff was asked to transport some undocumented co-workers from California to Indiana in an unmarked company vehicle. Plaintiff is aware that Defendant CORNERSTONE has undocumented employees working for Defendant. Plaintiff explained to his supervisor JUAN GOMEZ that he was uncomfortable having to transport co-workers due to Border Patrol road blocks and check points.

Plaintiff had reason to believe that because Defendant requested that he transport undocumented workers across state lines, such transportation was in furtherance of the undocumented workers remaining in the United States. Plaintiff was aware that the other workers' had no legal documentation to work in the United States. Plaintiff was aware that Defendant CORNERSTONE would send a private jet for the undocumented workers to avoid security in the past. Defendant requested Plaintiff to use an unmarked company vehicle to transport their undocumented workers, Plaintiff believed an unmarked vehicle was used so Defendant's would not be implicated in any arrest should they get stopped.  Plaintiff feared if he were to be pulled over in a "Trump America" and the co-workers not have the proper documentation to be working in the United States that Plaintiff would be charged with human trafficking and smuggling/harboring of persons. Plaintiff was terminated/constructive discharged for refusing to illegally transport undocumented workers for Defendant CORNERSTONE. Said acts would have violated Title 8 of the United States Code § 1324, an offense punishable of imprisonment not more than ten (10) years for each violation.  Upon Plaintiff's refusal to commit an illegal act he was sent home that day, and on April 26, 2019, he was terminated. Plaintiff was terminated for refusing to perform these illegal acts.

**VII.**

8. Plaintiff was an at-will employee. Plaintiff refused to perform illegal acts for Defendant. Plaintiff's refusal to commit these illegal acts was the sole reason for Plaintiff's termination/constructive discharge.

## VIII.
## DAMAGES

9. By reason of the acts and conduct, as herein alleged, of the Defendants your Plaintiff has been damaged as follows:

    1. All actual damages including mental anguish in the past and future;
    2. Loss of earnings in the past;
    3. Loss of earnings in the future;
    4. Exemplary Damages;
    5. Attorney's fees
    6. Reinstatement.

## IX.

10. Plaintiff would show that Defendant acted with malice. Specifically, Defendant had a specific intent to cause substantial injury to the Plaintiff when it terminated Plaintiff. Defendant's actions in discharging Plaintiff from its employ, was in willful disregard of the rights of Plaintiff for which Plaintiff is entitled to recover punitive damages. Pursuant to TRCV 47. Plaintiff requests monetary relief over $1,000,000.00 and a demand for judgment for all the other relief to which the party deems himself entitled.

## X.
## REQUESTS FOR DISCLOSURE

11. Pursuant to Rule 194, Defendant are requested to disclose within the time period set forth in Tex. R. Civ. P. 194.3 the information or material described in Rule 194.2(a) - 194.2(l).

## XI.

12. Plaintiff respectfully requests trial by jury of the issues in this case.

13. **WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that Defendant be cited to appear and answer, and that on final trial, Plaintiff have judgment against Defendant for all relief requested, jointly and severally, for costs, pre-judgment and post judgment interest, punitive

4

damages, reinstatement, and for such other relief, general and special, at law or in equity, to which Plaintiff is entitled.

                Respectfully submitted,

                **SCHERR & LEGATE, PLLC.**
                Attorneys for Plaintiff
                109 North Oregon, 12th Floor
                El Paso, Texas 79901
                (915) 544-0100
                (915) 532-1759 (Facsimile)
                omendez@scherrlegate.com

                */s/Oscar Mendez Jr.*
                **OSCAR MENDEZ JR.**
                State Bar No. 24058473

## **CERTIFICATE OF SERVICE**

    I hereby certify that on this 6TH day of January, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification to the following:

Bruce A. Koehler
Monica L. Perez
Michelle D. Esparza
Attorneys at Law
P.O. Box 1977
El Paso, Texas 79999-1977
Fax. (9150541-1597
Koehler@mgmsg.com
perez@mgmsg.com
esparza@mgmsg.com

                */s/Oscar Mendez Jr.*
                **OSCAR MENDEZ JR.**