IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| GERARDO GARCIA, § | | |
|    Plaintiff, § | | |
| § | | |
| v. § | | EP-19-CV-382-PRM |
| § | | |
| CORNERSTONE § | | |
| INDUSTRIES CORP., § | | |
|    Defendant. § | | |

### MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS

On this day, the Court considered Defendant Cornerstone Industries Corp.'s [hereinafter "Defendant"] "Amended Motion to Dismiss" (ECF No. 10) [hereinafter "Motion"], filed on January 28, 2020, Plaintiff Gerardo Garcia's [hereinafter "Plaintiff"] "Response in Opposition to Defendant's Amended Motion to Dismiss" (ECF No. 17) [hereinafter "Response"], filed on February 11, 2020, and Defendant's "Reply to Plaintiff's Response in Opposition to Defendant's Amended Motion to Dismiss" (ECF No. 18) [hereinafter "Reply"], filed on February 18, 2020, in the above-captioned cause. After due consideration, the Court is of the opinion that Defendant's Motion should be denied for the reasons stated herein.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of an employment dispute between Plaintiff, a resident of El Paso, Texas, and Defendant, an Indiana corporation that installs industrial flooring systems throughout the United States. Mem. Op. & Order, Apr. 29, 2020, ECF No. 25. On or about April 10, 2019, Plaintiff was working for Defendant at a job site in Bakersfield, California. Original Compl. [hereinafter "Complaint"] ¶ 7, Jan. 22, 2020, ECF No. 8. Plaintiff alleges that as part of his employment with Defendant, he was "asked to transport some undocumented co-workers from California to Indiana in an unmarked company vehicle." *Id*.

Plaintiff states that he knew that several of his coworkers "had no legal documentation to work in the United States," including those he was asked to transport. *Id*. In support of this allegation, Plaintiff asserts that he "was aware that Defendant[] would send a private jet for the undocumented workers to avoid security in the past." *Id*. Plaintiff also states that "Defendant requested Plaintiff to use an unmarked company vehicle to transport their undocumented workers," such that "Defendant[] would not be implicated in any arrest should they get stopped." *Id*.

Plaintiff feared that if he transported his undocumented coworkers, he might be "charged with human trafficking and smuggling/harboring of persons," and "would have violated Title 8 of the United States Code § 1324." *Id*. Accordingly, Plaintiff refused to

transport the coworkers, and explained to his supervisor, Defendant's Crew Leader Juan Gomez, that "he was uncomfortable having to transport co-workers due to Border Patrol road blocks and check points." *Id.* Plaintiff claims that due to his refusal, he "was sent home that day." *Id.* Defendant subsequently terminated Plaintiff's employment on April 26, 2019. *Id.*

On December 9, 2019, Plaintiff filed his "Original Petition" (ECF No. 1-1) in El Paso County State Court, alleging that Defendant wrongfully discharged him in violation of *Sabine Pilot Service, Inc. v. Hauck*, 687 S.W.2d 733 (Tex. 1985), for refusing to perform an illegal act during the course of his employment. Defendant subsequently removed the cause to the Western District of Texas, El Paso Division. Not. Removal, Dec. 30, 2019, ECF No. 1. After Plaintiff repled on January 22, 2020, Defendant filed its Amended Motion to Dismiss. Compl. 1; Mot. 1. Therein, Defendant alleges that Plaintiff fails to state a claim upon which relief can be granted. *Id.*

## II.  LEGAL STANDARD

### A.  Motion to Dismiss

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a court may dismiss an action for "failure to state a claim upon which relief can be granted." In determining whether a plaintiff states a valid claim, a court "accept[s] all well-pleaded facts as true and view[s] those facts in the light most favorable to the plaintiffs." *Gonzalez v. Kay*, 577 F.3d

3

600, 603 (5th Cir. 2009) (quoting *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A pleading that offers mere "'labels and conclusions' . . . will not do," especially when it simply tenders "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 555, 557).

### B. *Sabine Pilot*[1] and 8 U.S.C. § 1324

Employment in the state of Texas is generally at will, which means that "employment for an indefinite term may be terminated at will and without cause." *Winters v. Houston Chronicle Pub. Co.*, 795 S.W.2d 723, 723 (Tex. 1990) (quoting *East Line & R.R.R. Co. v. Scott*, 72 Tex. 70 (1888)). *Sabine Pilot* created a "narrow exception to the

---

[1] The Court declines to address the parties' dispute over choice of law because Defendant's Motion solely addresses the Texas state law pled by Plaintiff in his Original Complaint. *See* Mot. 2, n.1 ("For the purposes of this motion, Defendant refers to the legal theory pled by Plaintiff in his Original Complaint.").

4

employment-at-will doctrine," which prohibits "the discharge of an employee for the sole reason that the employee refused to perform an illegal act." 687 S.W.2d at 735.

In order to establish wrongful termination pursuant to *Sabine Pilot*, a plaintiff must prove that:

> (1) [He] was required to commit an illegal act which carries criminal penalties; (2) [he] refused to engage in the illegality; (3) [he] was discharged; (4) the sole reason for [his] discharge was [his] refusal to commit an unlawful act.

*White v. FCI USA, Inc.*, 319 F.3d 672, 676 (5th Cir. 2003) (quoting *Sabine Pilot*, 687 S.W.2d at 735; *Burt v. City of Burkburnett*, 800 S.W.2d 625, 626–27 (Tex. App. 1990)).[2] The illegal act in question here is 8 U.S.C. § 1324(a)(1)(A)(ii), Transporting Aliens Within the United States, which imposes penalties on one who:

> knowing or in reckless disregard of the fact that an alien has come to, entered, or remains in the United States in violation of law, transports, or moves or attempts to transport or move such alien within the United States by means of transportation or otherwise, in furtherance of such violation of law.

---

[2] The Court notes that to survive a Rule 12(b)(6) motion to dismiss, a plaintiff alleging a *Sabine Pilot* claim "must give fair notice of what [his] claims are and the grounds upon which they rest," yet need not "plead a prima facie case of wrongful termination." *Rocha v. Arbor E&T, L.L.C.*, No. 6:11CV481, 2012 WL 13162841, at *2 (E.D. Tex. Aug. 2, 2012), report and recommendation adopted, No. 6:11CV481, 2012 WL 13162840 (E.D. Tex. Aug. 22, 2012) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514-15, 122 S. Ct. 992 (2002)).

## III. ANALYSIS

Defendant argues that Plaintiff fails to state a *Sabine Pilot* claim because Defendant did not require Plaintiff to commit an illegal act. Focusing on two of the essential elements of § 1324(a)(1)(A)(ii), the illegal act in question here, Defendant claims that Plaintiff fails to allege that: (1) Plaintiff knew that his coworkers were "in the United States in violation of the law,"[3] and (2) Plaintiff transporting his coworkers would have been "with intent to further [their] unlawful presence." Pattern Crim. Jury Instr. 5th Cir. 2.01B (2019). After examining these two elements, the Court is of the opinion that Plaintiff properly alleges that Defendant required him to commit a violation of § 1324(a)(1)(A)(ii). Accordingly, the Court concludes that Defendant's Motion should be denied and that Plaintiff states a valid *Sabine Pilot* claim.

---

[3] Defendant also asserts that Plaintiff fails "to plead that Defendant knew that an employee was not authorized to work in the United States." Mot. 8. However, the Court is of the opinion that Defendant's knowledge of the coworkers' immigration status is not directly relevant to whether Plaintiff states a *Sabine Pilot* claim. Plaintiff, not Defendant, must plead that he knew of his coworkers' unlawful immigration status.

### A. Plaintiff's Knowledge of his Coworkers' Immigration Status

In order to be held liable for a violation of § 1324(a)(1)(A)(ii), one must know that the undocumented person they are transporting "was in the United States in violation of the law." *Id.* After considering Plaintiff's Complaint, the Court is of the opinion that Plaintiff adequately pleads that he knew his coworkers were in the United States in violation of the law.

First, Plaintiff plainly states he was aware his coworkers "had no legal documentation to work in the United States," which the Court concludes may be alone sufficient for Plaintiff to state a claim. Compl. ¶ 7. In addition, Plaintiff alleges that Defendant used a private jet and an unmarked vehicle to transport its workers. Because Defendant sought to surreptitiously transport its workers, the Court may draw a reasonable inference that Defendant also knew that the workers did not have legal status in the United States. Accordingly, the Court is of the opinion that Defendant's surreptitious actions corroborate Plaintiff's claim that the coworkers lacked legal documentation to work in the United States. Thus, the Court concludes that Plaintiff adequately pleads that he knew his coworkers were in the United States in violation of the law.

Furthermore, the Court is of the opinion that Plaintiff's failure to plead facts related to the I-9 verification process does not warrant the

7

dismissal of Plaintiff's claim. Defendant argues that Plaintiff's claim that his coworkers were undocumented is "conclusory," because "Plaintiff has failed to allege any facts to show that [Defendant] did not comply with the I-9 employment verification process." Reply 3. However, the Court is of the opinion that an absence of facts in Plaintiff's Complaint related to the I-9 verification process is not dispositive here. The Court assesses facts related to the I-9 verification process alongside Plaintiff's other well-pled allegations, including that Plaintiff knew the coworkers lacked immigration status, and that Defendant surreptitiously transported its workers. Reviewing all of the facts available here, the Court concludes that Plaintiff's failure to plead facts related to the I-9 employment verification process does not render Plaintiff's allegations conclusory.

### B. Transportation With the Intent to Further an Undocumented Person's Unlawful Presence

In order to be held liable for a violation of § 1324(a)(1)(A)(ii), one must also transport an undocumented person "with intent to further [that person's] unlawful presence." Pattern Crim. Jury Instr. 5th Cir. 2.01B (2019). The Court is of the opinion that Plaintiff adequately pleads this element of § 1324 because the Court may make a reasonable inference that Defendant required Plaintiff to transport the coworkers in a manner intended to evade law enforcement.

Transportation in furtherance of a person's unlawful presence requires "a direct and substantial relationship between that transportation and its furtherance of the alien's presence in the United States." *United States v. Merkt*, 764 F.2d 266, 271–72 (5th Cir. 1985) (quoting *United States v. Moreno*, 561 F.2d 1321, 1323 (9th Cir. 1977)). Accordingly, some courts have held that "the mere transportation of a person known to be an alien is not sufficient to constitute a violation [of § 1324]." *Moreno*, 561 F.2d at 1322; *United States v. 1982 Ford Pick-Up*, 873 F.2d 947, 950 (6th Cir. 1989) (quoting the same). However, transporting undocumented persons while concealing or hiding them from law enforcement constitutes transportation in furtherance of these persons' unlawful presence in the United States. *See United States v. Shaddix*, 693 F.2d 1135, 1137 (5th Cir. 1982) (holding that taking steps to conceal aliens, such as asking them to hide in brush and transporting them at night, demonstrated an intent to further their illegal presence); *1982 Ford Pick-Up*, 873 F.2d at 952 (noting that to "hide their passengers or otherwise conceal the fact that they were illegal aliens" would indicate intent to further an unlawful presence).

The Court is of the opinion that Plaintiff adequately pleads that transporting his coworkers would have furthered the coworkers' unlawful presence in the United States because the transportation at issue here was intended to evade law enforcement. Plaintiff alleges that he was required to transport his coworkers from Bakersfield,

9

California to Indiana in an unmarked company vehicle, and that he was personally aware that Defendant used a private jet to transport workers in the past. The Court is of the opinion that these facts are not conclusory or threadbare, and reviews them in the light most favorable to Plaintiff. Relying on these facts, the Court may draw a reasonable inference that Plaintiff was asked to transport his coworkers as part of an effort to conceal these individuals from law enforcement. Transporting undocumented persons while concealing them from law enforcement does not constitute ordinary transportation, but rather transportation which would further an unlawful presence. *See United States v. Shaddix*, 693 F.2d at 1137; *1982 Ford Pick-Up*, 873 F.2d at 952. Accordingly, the Court concludes Plaintiff alleges facts sufficient to demonstrate that Defendant required him to transport the coworkers in furtherance of these individuals' unlawful presence in the United States.

## IV. CONCLUSION

In summary, the Court concludes that Plaintiff alleges sufficient factual material, accepted as true, to suggest that Defendant required him to perform an illegal act in violation of § 1324(a)(1)(A)(ii). Thus, the Court is of the opinion that Plaintiff states a valid *Sabine Pilot* claim.

Accordingly, **IT IS ORDERED** that Defendant Cornerstone Industries Corp.'s "Amended Motion to Dismiss" (ECF No. 10) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's "Motion to Dismiss" (ECF No. 5) is denied as moot.

**SIGNED** this **20th day** of **May, 2020**.

                                              **PHILIP R. MARTINEZ**
                                              **UNITED STATES DISTRICT JUDGE**